IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–19–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SHANNON TIMOTHY WOODY, | |
| Defendant. | |

Before the Court is Defendant Shannon Timothy Woody's Motion for Early Termination of Supervised Release.  (Doc. 43.)  On August 7, 2018, Mr. Woody was adjudged guilty of one count of prohibited person in possession of firearms, in violation of 18 U.S.C. § 922(g)(3).  (Doc. 32.)  On October 19, 2018, Mr. Woody was sentenced to imprisonment for 30 months and three years of supervised release.  (Doc. 38.)  Mr. Woody began his period of supervised release on October 11, 2019 and has since served more than 29 months of his term.  (Doc. 44 at 2.) He now seeks termination of the remaining term of supervised release.  The United States defers to the discretion of the Court.  (Doc. 43 at 1.)  The United States Probation Office recommends Mr. Woody's early termination.  (*Id.*)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any

1

time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Woody began his three-year term of supervised release on October 11, 2019 (Doc. 44 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to  afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Woody's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Woody waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. Woody's supervised release is obviously favorable to him, and the United States did not object. (Doc. 43.) Accordingly, the Court will dispose of this matter without a hearing.

2

conduct;" and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).  This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Woody's remaining term of supervised release.  The Court has not been informed of any violations of the conditions of his supervised release. (Doc. 44 at 4.)  The letters filed in support of his motion indicate that Mr. Woody has invested significant time and effort into his community by providing rides to fellow participants in treatment programs (Doc. 45-1) and mentoring young men and helping elderly people with yard work (Doc. 45-2).  The letters further indicate that Mr. Woody has demonstrated his commitment to sobriety and involvement in his family's life through participation in his children's sports and afterschool activities.  (Doc. 45-2.)  It is clear from the letters filed in support of Mr. Woody's motion that he is a treasured member of his community with significant support from many people who care about him.  The motion and accompanying exhibits demonstrate that Mr. Woody has been deterred from future criminal conduct and successfully reintegrated into the community.  The Court concludes that the

§ 3553(a) factors support early termination of his term of supervised release.  The Court wishes Mr. Woody the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 43) is GRANTED.

IT IS FURTHER ORDERED that Mr. Woody's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 30th day of March, 2022.

Dana L. Christensen, District Judge
United States District Court